# EXHIBIT A

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  LESLIE LOFTON
NATIONAL REGISTERED AGENTS, INC.
P.O.BOX 927
WEST WINDSOR, NJ 08550-0927

SOP Transmittal # **AR12402**

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Entity Served: ELI LILLY AND COMPANY

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of  **ARKANSAS**  on this  18  day of  February  , 2010  . The following is a summary of the document(s) received:

1.  **Title of Action:** Timothy Boehm, Plaintiff vs. Eli Lilly and Company, et al,

2.  **Document(s) served:** Summons/Citation/Third Party Summons, Complaint/Petition/Third Party Complaint

3.  **Court of Jurisdiction/** Circuit Court of Pulaski County, Arkansas, 6th Division
    **Case & Docket Number:** CV-2010-0820

4.  **Amount Claimed, if any:** n/a

5.  **Method of Service (select one):**
    __ Personally served by:  __ Process Server     __ Deputy Sheriff     __ U. S Marshall
    **X** Delivered Via:     **X** Certified Mail     __ Regular Mail     __ Facsimile
                    (Envelope enclosed)     (Envelope enclosed)
    __ Other (Explain):

6.  **Date and Time of Receipt:** 2/18/2010 4:15:46 PM EST (GMT -5)

7.  **Appearance/Answer Date:** 20 Days

8.  **Received From:**     Richard N. Turbeville, Attorney
    (Name, Address & Telephone Number)
                    400 West Capitol, Ste 1700
                    Little Rock, AR  72201
                    501-372-2474

9.  **Federal Express Airbill #** First Class Mail

10. **Call Made to:** Not required

11.  **Special Comments:**
This SOP was digitally scanned and LESLIE LOFTON was notified via email ;

**NATIONAL REGISTERED AGENTS, INC.**          **Copies To:**

Transmitted by Judith Honey

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL



**NATIONAL REGISTERED AGENTS, INC.**

The Right Choice for Registered Agent Services

# Cover Page for AR12402

This file contains **20** pages of graphic image of Legal Process received in the State of **ARKANSAS** on **2/18/2010** for **ELI LILLY AND COMPANY**.

The served document(s) will be forwarded by Federal Express to the individual designated to receive Service of Process from NRAI. As this document(s) has been separated to enable scanning of the image, the Official Record on file with the Court of Jurisdiction should be relied on as the complete record. NRAI accepts no responsibility or liability for missing or incorrectly collated pages in the reassembly of the served document(s).

# RICHARD N. TURBEVILLE

ATTORNEY AT LAW
400 WEST CAPITOL, SUITE 1700
LITTLE ROCK, ARKANSAS 72201
TELEPHONE (501) 372-2474
TELEFAX (501) 372-3482

February 15, 2010

Eli Lilly
National Registered Agents, Inc for Arkansas
455 W. Maurice St.
Hot Springs, AR 71901

Certified Mail
Return Receipt

Re:    Eli Lilly v. Timothy Boehm and Company et al.,
       Pulaski Circuit No. CV 2010-0820

Dear Registered Agent:

Enclosed is a Summons and Complaint which are being served upon you pursuant to Rule 4 of the Arkansas Rules of Civil Procedure. Please take note of the language contained in the summons. Failure to file a written Answer within 20 days may result in a default judgment.

Very Truly Yours,

Richard N. Turbeville

RT/smh
Enclosures

State of Arkansas
Pulaski County Circuit Court
Office of the County Courthouse          **CASE NO.: CV 2010 000820**
401 W. Markham
Little Rock, Arkansas 72201              **DIV: 6TH - HON. TIM FOX**
                                    SUMMONS
                              ( NOTICE OF LAWSUIT )
PLAINTIFFS                                        DEFENDANT
    TIMOTHY BOEHM                       ELI LILLY AND COMPANY

PLAINTIFFS'S ATTORNEY                        DEFENDANT'S ADDRESS
    RICHARD N. TURBEVILLE                        NATIONAL R A INC OF AR
    400 WEST CAPITOL                     455 W MAURICE ST
    SUITE 1700                          HOT SPRINGS, AR 71901
    LITTLE ROCK, AR 72201

THE STATE OF ARKANSAS TO THE ABOVE NAME DEFENDANT(S):

1.    You  are  hereby  notified that a lawsuit has been filed against you by the
above named plaintiff(s); The relief asked is stated in the attached complaint.

2.    The attached complaint will be considered admitted by you and a judgment by
default  may be entered against you for the relief asked in the complaint unless
you  file  a  written  response or answer and thereafter appear and present your
defense.  Your pleading or answer must meet the following requirements:

   A. It must be in writing, and otherwise comply with the Arkansas Rules of
      Civil Procedure.
   B. It must be filed in the Pulaski County Circuit Clerk's Office within
      TWENTY (20) days from the day you were served with this summons.
   C. A copy of your response must be delivered or mailed to the plaintiff
      or his attorney.

3.    If  you  desire  to  be  represented by an attorney you should immediately
contact your attorney so that an answer can be filed for you in the time allowed

WITNESS my hand and the seal of said Court this day: February 12, 2010.
                                   PAT O'BRIEN, Circuit Clerk

                                   By

STATE OF ARKANSAS, COUNTY OF PULASKI
On this _____ day of _____ 20___, at _____ o'clock
___.M., I have duly served the summons by delivering a copy thereof (or
stating the substance thereof), together with a copy of the complaint to
_____ such person being:

CHECK APPLICABLE SQUARE:
___ the person named therein as defendant
___ some person residing at defendant's dwelling house or usual place of
    abode who is at least 14 years old, namely_____
___ the duly designated agent for service of process for the defendant,
    namely _____
___ OTHER: _____
                                                          , SHERIFF
                              By: _____
                                  Deputy Sheriff

In the Circuit Court of Pulaski County, Arkansas

## NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF CASE

### BY PILOT STATE DISTRICT COURT JUDGE

In accordance with the provisions of Act 633 of 2007 and
Administrative Order Number 18, you are herby notified that
upon the consent of all parties in a case, a Pilot State
District Court Judge may be authorized to conducat all
proceedings, including trial of the case and entry of a
final Judgment.  Copies of appropriate consent forms are
available from the Circuit Clerk.

You should be aware that your decision to consent or not to
consent to the disposition of your case before a Pilot
State District Court Judge is entirely voluntary, and by
consenting to the reference of this matter to a Pilot State
District Court Judge, the parites waive their right to a
jury trial and a verbatim record of the proceedings, and
any appeal in the case shall be taken directly to the
Arkansas Supreme Court or Court of Appeals as authorized by
law.

You should communicate your consent by completing the Form
- CONSENT TO PROCEED BEFORE A PILOT STATE DISTRICT COURT
JUDGE - and return it to the Circuit Clerk.

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

TIMOTHY BOEHM

          Plaintiff,

       vs.

ELI LILLY AND COMPANY;
and JOHN DOE
DEFENDANTS A, B, C, D, E, and F,
being those persons, sales
representatives, firms or corporations
whose fraud, scheme to defraud,
negligence, and/or other wrongful
conduct caused or contributed to the
Plaintiff's injuries and damages, and
whose true names and identities are
presently unknown to the Plaintiff but
will be substituted by amendment when
ascertained,

          Defendants.

**6TH DIVISION**

**CV 2010 0220**
CIVIL ACTION NO.

**JURY TRIAL DEMANDED**

Filed 02/12/10 15:11:11
Pat O'Brien Pulaski Circuit Clerk
By Crg

## COMPLAINT

## STATEMENT OF FACTS

1.     This is a civil action brought on behalf of Plaintiff Timothy Boehm (hereinafter referred to as "Plaintiff").  Plaintiff is a citizen of the United States and the State of Arkansas.

2.     Defendant Eli Lilly and Company (hereinafter referred to as "Defendant Lilly") is incorporated in the state of Indiana and has its principal place of business in Indianapolis, Indiana.

3.     At all times relevant hereto, Defendant Lilly was in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling, and distributing pharmaceutical products including Zyprexa (Olanzapine).

4.     Defendant Lilly does business in the state of Arkansas and, on information and belief, at all times relevant hereto, manufactured, advertised, marketed, promoted, sold, and distributed Zyprexa in the state of Arkansas.  The agent for service of process for Defendant Lilly is National Registered Agents Inc. of Arkansas, 455 W. Maurice Street, Hot Springs, AR 71901.

5.     Fictitious Defendants A, B, C, D, E, and F are those persons, sales representatives, district managers, firm or corporations whose fraud, scheme to defraud, and/or other wrongful conduct caused or contributed to the injuries sustained by the Plaintiff, and whose true names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.  At all times relevant hereto, the Fictitious Defendants were in the business of marketing, selling, and distributing Zyprexa in and from the state of Arkansas, including Pulaski County.

6.     "Defendants" refers collectively to all Defendants named in this Complaint unless otherwise specified.

7.     Plaintiff's claim accrued in whole or in part in Pulaski County, and Plaintiff resides in Pulaski County.  Some of the Defendants are foreign corporations which have been and are currently engaged in business, directly or by authorized agent, in Pulaski County.  Venue and jurisdiction are therefore proper.  The claims of the Plaintiff herein satisfy the jurisdictional amount of this Court.

2

8.     Zyprexa is among a group of drugs called the "atypical antipsychotic drugs" and is prescribed for the treatment of schizophrenia and bipolar mania and other mental/mood conditions.

9.     On January 30, 2003, Plaintiff was prescribed Zyprexa to treat bi-polar disorder. He took Zyprexa until July 2007.

10.     As a direct and proximate result of the ingestion of Zyprexa, Plaintiff was caused to suffer injuries and damages including, but not limited to, tardive dyskinesia, a permanent movement disorder. Plaintiff is caused to writhe in painful agony as the muscles of his neck spasm involuntarily and his head twists down into his chest and shoulder.  The pain and fatigue have left Plaintiff unable to work, extremely depressed, hopeless and agonizing. The economic loss to Plaintiff is substantial.

11.     Plaintiff's suffering is both mental and physically severe and will continue into the future. Plaintiff was caused to suffer serious and permanent injuries to his health, and severe shock to his nervous system, and will continue to suffer mental pain, all to his general damage.

12.     As a direct and proximate result of the ingestion of Zyprexa, Plaintiff was required to, and did employ physicians to examine, treat, and care for him, and Plaintiff incurred, and will continue to incur hospital, medical, and incidental expenses.

13.     At all times relevant hereto, the Defendants themselves, or through others, did manufacture, create, design, test, label, sterilize, package, supply, market, sell, advertise, and otherwise distribute Zyprexa.

14.     Plaintiff is informed, believes, and thereupon alleges, that total profits from the sale of Zyprexa exceed hundreds of millions of dollars.

3

15.     Zyprexa has been widely advertised by the Defendants as an effective treatment for mental/mood disorders with fewer adverse side effects than other treatments.

16.     Beginning in 1996, Defendants aggressively marketed and sold Zyprexa by misleading potential users about the safety of the product and by failing to protect users of serious dangers which Defendants knew or should have known could result from Zyprexa use.

17.     The advertising, by affirmation, misrepresentation, or omission, falsely and fraudulently sought to create the image and impression that Zyprexa use was safe and had fewer side effects and adverse reactions than other methods of treatment for mental/mood disorders.

18.     Defendants purposefully minimized and understated health hazards and risks associated with Zyprexa. Defendants, through promotional literature, deceived potential users of Zyprexa and their physicians by relaying positive information, including testimonials from satisfied users and manipulating statistics to suggest widespread acceptability, while downplaying the known adverse and serious health effects of the drug. Defendants falsely and fraudulently withheld relevant information from potential Zyprexa users. Further, Defendants falsely and fraudulently withheld relevant information from Zyprexa users' doctors, thereby preventing those doctors from conducting a complete and fully-informed risk/benefit analysis before prescribing Zyprexa.

19.     The physician who prescribed Zyprexa to Plaintiff relied on the representations made to him by Defendants prior to the date of prescribing Zyprexa for

use. The physician relied on the representations regarding the safety of Zyprexa and would not have recommended for use or prescribed Zyprexa if he had known the true facts regarding the safety of the product.

20.     Prior to the date upon which Zyprexa was prescribed to Plaintiff, Defendants knew or should have known that it was extremely dangerous and unsafe for use by the general public for its intended purpose. Defendants failed to take appropriate action to cure these defects or, alternatively, to appropriately warn users and their physicians of the product's dangerous characteristics.

21.     Defendants thereby acted with malice towards Plaintiff, who accordingly requests that the trier of fact, in the exercise of its sound discretion, award additional damages for the sake of example and for the purpose of punishing the Defendant for its conduct, in an amount sufficiently large to be an example to others and to deter these Defendants and others from engaging in similar conduct in the future. This wrongful conduct was done with the advance knowledge, authorization, and/or ratification of officers, directors, and/or managing agents of Defendant Lilly.

## COUNT I

### (Strict Liability in Tort, Failure to Warn)

22.     Plaintiff realleges paragraphs 1-21 of this Complaint as if fully set out herein.

23.     At all times relevant hereto, Zyprexa was defective and unsafe in manufacture, and was so at the time it was distributed by Defendants and ingested by Plaintiff. Zyprexa was defective in that it was not properly prepared and/or was not accompanied by proper warnings regarding all possible adverse side effects associated

5

with the use of Zyprexa. Given the severity of the adverse effects, the warnings given did not accurately reflect the symptoms and severity of the adverse effects. Zyprexa was also defective in that the product manufactured and distributed differed from the manufacturer's intended results. These defects caused serious injuries to the consumer when used in its intended and foreseeable manner, i.e., when it was ingested as prescribed and in the manner recommended by Defendants.

24. Zyprexa was unaccompanied by warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of Zyprexa, i.e., ingestion to aid in treating mental/mood disorders, involved substantial dangers not readily recognizable by the ordinary user of the product. Defendants failed to warn of the known or knowable likelihood of injury including, but not limited to, the likelihood the user would develop tardive dyskinesia.

25. The pharmaceutical drug Zyprexa, designed, manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied, and sold to distributors by Defendants was further defective due to inadequate post-marketing warning or instruction because after Defendants knew or should have known of the risks of injury from Zyprexa, they failed to promptly respond to and warn about the likelihood of injury, including the onset of tardive dyskinesia.

26. Plaintiff did not know, nor had reason to know, at the time he used Zyprexa, or at any time prior thereto, of the existence of the foregoing described defects. These defects caused the injuries and damages to Plaintiff as alleged in this Complaint.

27. Defendants knew that Zyprexa was to be used without inspection for defects by the consumer and that Zyprexa was unaccompanied by warnings of its

6

dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

**WHEREFORE,** Plaintiff demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT II

### (Negligence)

28.     Plaintiff realleges paragraphs 1-27 of the Complaint as if fully set out herein.

29.     Defendants had a duty to properly manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain, supply, properly warn, prepare for use, and sell Zyprexa.

30.     At all times relevant hereto, Defendants knew, or in the exercise of reasonable care, should have known, that Zyprexa was of such a nature that if it was not properly manufactured, compounded, tested, inspected, packaged, labeled, distributed, marketed, examined, maintained, supplied, provided, prepared, and sold with proper warnings, it was likely to injure the user.

31.     Defendants so negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, over-promoted, and supplied Zyprexa, that it was dangerous and unsafe for the use and purpose for which it was intended. .

7

32.     Defendants were aware of the probable consequences of their conduct. Despite the fact that Defendants knew or should have known that Zyprexa caused serious injuries, they failed to disclose the known or knowable risks associated with the product as set forth above.    Defendants willfully and deliberately failed to avoid those consequences, and in doing so, Defendants acted with a conscious disregard of Plaintiff's safety.

33.     As a result of Defendants' carelessness and negligence, Zyprexa caused Plaintiff to sustain the damages and injuries as alleged in this Complaint.

**WHEREFORE,** Plaintiff demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT III

### (Breach of Implied Warranty)

34.     Plaintiff realleges paragraph 1-38 of the Complaint as if fully set out herein.

35.     At all times relevant hereto, Defendants manufactured, compounded, packaged, distributed, recommended, merchandised, advertised, promoted, supplied, and sold Zyprexa, and prior to the time it was prescribed to Plaintiff, Defendants impliedly warranted to Plaintiff and to his agents that it was of merchantable quality and safe for the use for which it was intended.

36.     Plaintiff and his agents relied on the skill and judgment of Defendants in selecting and using Zyprexa.

8

37.     Zyprexa was unsafe for its intended use and it was not of merchantable quality as warranted by Defendants in that it had very dangerous propensities when put to its intended use and would cause severe injury to the user.  Zyprexa was unaccompanied by warnings of its dangerous propensities that were either known or reasonably scientifically knowable at the time of distribution.  Zyprexa caused Plaintiff to sustain damages and injuries as alleged in this Complaint.

28.     After Plaintiff was made aware of his injuries as a result of ingesting Zyprexa, notice was duly given to Defendants of the breach of warranty.

**WHEREFORE,** Plaintiff demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

### COUNT IV

### (Breach of Express Warranty)

39.     Plaintiff realleges paragraphs 1-38 of the Complaint as if fully set out herein.

40.     The aforementioned manufacturing, compounding, packaging, designing, distributing, testing, constructing, fabricating, analyzing, recommending, merchandising, advertising, promoting, supplying, and selling of Zyprexa was expressly warranted by Defendants to be safe for use by Plaintiff and other members of the general public.

41.     At the time the express warranties were made, Defendants had knowledge of the purpose for which Zyprexa was to be used and warranted the same to be, in all respects, fit, safe, effective, and proper for such purpose.  Zyprexa was unaccompanied

9

by warnings of its dangerous propensities that were either known or knowable at the time of distribution.

42.     Plaintiff and his physicians reasonably relied upon the skill and judgment of Defendants and their express warranty in using Zyprexa. The warranty and representations were untrue in that Zyprexa caused severe injury to Plaintiff and was unsafe and, therefore, unsuited for the use for which it was intended. Zyprexa thereby caused Plaintiff to sustain damages and injuries as alleged in this Complaint.

43.     As soon as the true nature of Zyprexa and the falsity of its warranty and representations were discovered, Defendants were notified of the breach of warranty.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

**COUNT V**

**(Fraud)**

44.     Plaintiff realleges paragraphs 1-43 of the Complaint as if fully set out herein.

45.     Defendants falsely and fraudulently represented to Plaintiff, his physicians, and members of the general public that Zyprexa was safe for use to aid in treating mental/mood disorders.

46.     The representations by Defendants were in fact false. The true facts were that Zyprexa was not adequately tested, that there were frequent, severe, protracted, debilitating, difficult, life threatening, and disabling side effects and adverse effects from the product, that the product caused injuries, including but not limited to diabetes

mellitus, and Defendants did not disclose or warn users and their physicians about the known risk of injury in using Zyprexa. Defendants misrepresented the safety of Zyprexa, represented that Zyprexa was safe for its indicated use and concealed warnings of the known or knowable risks of injury in using Zyprexa.

47.     When Defendants made these representations, they knew they were false. Defendants made these representations with the intent to defraud and deceive Plaintiff or his physicians and with the intent to induce the use of Zyprexa to aid in the treatment of mental/mood disorders in order to increase Defendants' sales and profits.

48.     At the time Defendants made these representations and at the time Plaintiff took the actions herein alleged, Plaintiff and his physicians were ignorant of the falsity of Defendants' representations and reasonably believed them to be true. In reliance upon these representations, Plaintiff was induced to, and did use Zyprexa as herein described. If Plaintiff had known the actual facts, he would not have used Zyprexa. The reliance of Plaintiff and his physicians upon Defendants' representations was justified because these representations were made by individuals and entities that appeared to be in a position to know the true facts.

49.     As a result of Defendants' fraud and deceit, Plaintiff was caused to sustain the injuries and damages as alleged in this Complaint.

50.     In doing the acts herein alleged, Defendants acted with oppression, fraud and malice. Plaintiff is therefore entitled to punitive damages to deter Defendants and others from engaging in similar conduct in the future. This wrongful conduct was done with the advance knowledge, authorization, and/or ratification of officers, directors, and/or managing agents of Defendant.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT VI

### (Negligent Misrepresentation)

51.     Plaintiff realleges paragraphs 1-54 of the Complaint as if fully set out herein.

52.     Defendants had an absolute duty to disclose the true facts regarding the safety and testing of Zyprexa since they were the only entities capable of knowing and reporting the true facts. Furthermore, Defendants had a duty to ensure it had a reasonable basis for making the representations as set forth above.

53.     Defendants made these representations with no reasonable ground for believing them to be true.   They did not have accurate or sufficient information concerning these representations. Furthermore, Defendants were aware that without such information they could not accurately make these representations.

54.     These representations were made to the physician prescribing Zyprexa prior to the date it was prescribed to Plaintiff, and the physician relied on the representations about the safety of Zyprexa when prescribing Zyprexa to Plaintiff.

55.     At the time these representations were made, Defendants concealed from Plaintiff and his physicians their lack of information on which to base their representations and their consequent inability to make these representations accurately.

56.     Defendants made these representations with the intent to induce Plaintiff to ingest Zyprexa in order to increase Defendants' sales and profits.

57.     Defendants falsely represented to Plaintiff, his physicians, and members of the general public that the Zyprexa was safe for use to aid in treatment of mental/mood disorders. The representations by Defendants were in fact false. The true facts were that Zyprexa was not safe for its intended purpose and was, in fact, dangerous to the health and body of Plaintiff and thereby caused her injuries as alleged in this Complaint.

58.     Defendants made these representations with no reasonable ground for believing them to be true. They did not have accurate or sufficient information concerning these representations. Furthermore, Defendants were aware that without such information it could not accurately make these representations.

59.     At the time Defendants made these representations, and at the time Zyprexa was prescribed to Plaintiff, Plaintiff and his physicians were ignorant of the falsity of these representations and reasonably believed them to be true. In reliance upon these representations, Plaintiff ingested Zyprexa as herein described. The reliance of Plaintiff and his physicians upon Defendants' representations was justified because these representations were made by individuals and entities that appeared to be in a position to know the true facts.

60.     As a result of Defendants' false representations and concealment, Plaintiff was caused to sustain the herein described injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## <u>COUNT VII</u>

### (Fraud by Concealment)

13

61.     Plaintiff realleges paragraphs 1-64 of the Complaint as if fully set out herein.

62.     At all times relevant hereto, Defendants had the duty and obligation to disclose to Plaintiff and to his physicians the true facts concerning Zyprexa: that Zyprexa was dangerous and defective; that Zyprexa was likely to cause serious consequences to users, including injuries such as those experienced by Plaintiff; and that it was unnecessary to use Zyprexa for the purposes indicated.   Defendants withheld this information from Plaintiff, his physician, and the general public prior to the date Zyprexa was prescribed to Plaintiff, and while concealing the following material facts.

63.     At all times relevant hereto, Defendants had the duty and obligation to disclose to Plaintiff and to his physicians the true facts concerning the Zyprexa – that it would cause injuries including but not limited to the onset of diabetes mellitus.

64.     At all times relevant hereto, Defendants intentionally, willfully, and maliciously concealed or suppressed the facts set forth above from Plaintiff's physicians (and therefore from Plaintiff) with the intent to defraud as alleged in this Complaint.

65.     At all times relevant hereto, neither Plaintiff nor his physicians were aware of the facts set forth above.

66.     As a result of the concealment or suppression of the facts set forth above, Plaintiff sustained injuries and damages as set forth in this Complaint.

67.     In doing the acts herein alleged, Defendants acted with oppression, fraud and malice.  Plaintiff is therefore entitled to punitive damages to deter Defendants and others from engaging in similar conduct in the future.  This wrongful conduct was done

with the advance knowledge, authorization, and/or ratification of officers, directors, and/or managing agents of Defendant Lilly.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable and such damage, are in excess of the amount to be required for federal diversity jurisdiction, for costs and all other relief.

Respectfully submitted,

Richard N. Turbeville
Attorney for Plaintiff

Sidney W. Jackson, III
Jackson, Foster & Richardson
P.O. Box 2225
Mobile, AL 36652

### JURY DEMAND

Plaintiff respectfully demands trial by jury on all counts in this cause.

Richard N. Turbeville

I, Richard N. Turbeville, attorney at law, do hereby state under oath that the identities of John Doe defendants name in the proceeding complaint are presently unknown.

RICHARD N. TURBEVILLE

### VERIFICATION

I do hereby state under oath that the facts contained in the foregoing are true and correct to the best of my knowledge, information and belief.

15

Subscribed and sworn to be fore me, a Notary Public, this _5th_ day of _February_, 2010.

_Carol D. Nokes_
Notary Public

My Commission Expires:

```
CAROL D. NOKES
Pulaski County
Commission Number 12357461
Notary Public - Arkansas
My Commission Expires Nov. 10, 2016
```

16



7009 2250 0003 1977 0783



RICHARD N. TURBEVILLE
ATTORNEY AT LAW
400 WEST CAPITOL, SUITE 1700
LITTLE ROCK, ARKANSAS 72201

Eli Lilly
National Registered Agents, Inc for Arkansas
455 W. Maurice St.
Hot Springs, AR 71901